**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANK ANGIULO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v | ) | |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| TIMOTHY GEITNER, SECRETARY OF | ) | |
| THE TREASURY; DEPARTMENT OF | ) | |
| TREASURY;  and INTERNAL REVENUE | ) | |
| SERVICE; | ) | |
| | ) | |
| | ) | JURY DEMAND |
| | ) | |
| Defendant | ) | March 29, 2011 |

**COMPLAINT**

The plaintiff, FRANK ANGIULO, by his attorney, NICOLA S. TANCREDI, and

for his complaint against Defendant United States of America; Defendant Timothy Geitner,

Secretary of Treasury; Defendant Internal Revenue Service; and Defendant Department of

Treasury and alleges as follows:

## <u>Nature of the Case</u>

Plaintiff was a revenue agent with the Internal Revenue Service until he was

constructively discharged and forced to involuntarily retire in or about December,

2009. His causes of action address violations of the Rehabilitation Act and related

retaliation arising out of disability based discrimination; failure to properly

investigate, evaluate and provide reasonable accommodation to Plaintiff's physical

and mental disabilities, which included congestive heart failure and related cardiac conditions and ailments; diabetes, high blood pressure, morbid obesity, anxiety and stress disorders and major depression; all of which contributed to and resulted in Plaintiff's constructive discharge and involuntary retirement on or about December 2009.

## COUNT I – DISABILITY  DISCRIMINATION

1.      This is an action pursuant to the Rehabilitation Act, 29 U.S.C. 791 et seq., to redress and enjoin the employment discrimination and related retaliation by Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury  and Defendant Internal Revenue Service  (hereinafter Defendants) on the basis of Plaintiff's physical and mental disabilities.

## THE  PARTIES

2.      Plaintiff, FRANK ANGIULO, is a citizen and resident of the State of Illinois residing in Westchester in the County of Cook, Illinois. Until about December, 2009 he was employed as a revenue agent with the Internal Revenue Service, Department of Treasury assigned to one of three teams  in the Employee Pension Plan Examination Section, Chicago, Illinois.

3.      Defendant United States of America is the government of the United States of America. Its officials select the executives and personnel of the Department of Treasury and the Internal Revenue Service, with offices in the County of Cook, Illinois

4.      Defendant Department of Treasury is a component of the US government with activities and facilities in the County of Cook, Illinois.

2

5.     Defendant Timothy Geitner, is the Secretary of the Treasury and senior executive in the Department of Treasury of which the Internal Revenue Service is a component. Secretary Geitner's organization maintains and operates offices within the County of Cook, Illinois.

6.     Defendant Internal Revenue Service is a component of the U.S. Department of the Treasury, with offices in the County of Cook, Illinois

## JURISDICTION AND VENUE

7     This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343(a)(4).

8     Venue is proper in this Court pursuant to 28 U.S.C. §1391(e). Plaintiff has fulfilled all administrative prerequisites for the bringing of this lawsuit.  See Denial Letter from the Office of Federal Operations attached at Ex. 1 and incorporated by reference.

9.     Although the Agency found Plaintiff filed his administrative complaints one day late,  Plaintiff provided evidence that the Agency was aware of his physical and mental abilities for a over a two year period and refused to responsibly investigate, evaluate or provide reasonable accommodation, which contributed to his mental abilities being profoundly adversely limited; and further which contributed to the timing of his filings; all of which  entitles Plaintiff to the tolling provisions of equitable tolling and estoppel. See letter from Dr. Bhatt, dated February 6, 2009, attached as Ex. 2 and incorporated by reference.

## FACTS COMMON TO ALL COUNTS

10.     Plaintiff worked for the Internal Revenue Service, Department of Treasury, as a revenue service agent, in the Chicago District from October 1983 through December 2010, when

Plaintiff involuntarily resigned under duress from illegal discrimination and related retaliation in violation of the Rehabilitation Act based upon his physical and mental disabilities.

11.     From no later than October, 1985 though the end of 2010, Plaintiff worked in the Employee Pension Plans Examinations Group, which consisted of three teams.

12.     From approximately July of 2007 until the end of 2010, Plaintiff was assigned to the examination team under the first line supervision of Sonja Ra'Vonn Hall., second line supervision of Janice Gore and Senior Executive supervision of Monica Templemann.

13.     For at least five years preceding his involuntary resignation at the end of 2010, Plaintiff suffered and continues at present to suffer from a number of physical disabilities including repeated congestive heart failure and related cardiac conditions and ailments, diabetes, high blood pressure, morbid obesity. He has suffered from mental disabilities of anxiety and stress related disorders and major depression since no later than 2007.

14.     No later than April 10, 2008, Plaintiff notified his first and second line supervisors Sonja Ra'Vonn Hall  and Janice Gore, respectively, of his physical and mental disabilities and requested accommodation including a possible transfer to one of the two other teams in the Examinations Group and away from the supervision of Sonja Ra'Vonn Hall.

15.     Plaintiff presented in support of his request for accommodation a letter from his psychiatrist, Dr. Bhatt, dated April 1, 2008. A copy of this letter is attached as Exhibit 3 and incorporated by reference.

16.      Dr. Bhatt in this letter informed Plaintiff's first and second line supervisor that he was treating Plaintiff for anxiety and stress disorders and major depression and requested assistance in treating Plaintiff's condition by way of change in Plaintiff's work environment to a lower stress level, including a  possible change in supervisors.

17.     At a meeting with Plaintiff on April 10, 2008, Plaintiff's first and second line supervisors Hall and Gore read Dr. Bhatt's letter, which raised the possibility of a change of supervisors to assist in mitigating Plaintiff's clinical conditions of anxiety and stress disorders and major depression.

18.     After reading Dr. Bhatt's letter, Plaintiff's second line supervisor Gore immediately told Plaintiff. "No." and returned the letter to Plaintiff, without either Hall or Gore taken any further action with respect to the letter.

19.     Following the April 10, 2008 meeting, neither Hall nor Gore mentioned the letter to any other section with the government; any other manager, human relations person, disabilities counselor or medical review authority; nor did either of them request medical review of or action on the information in the letter.

20.     On January 7, 2009 Plaintiff received a "Minimally Successful" rating for his overall Annual Performance Rating for the period ending November 30, 2008.

21.     Plaintiff's manager did not properly consider his disabilities when making this rating,, nor did they consider that Plaintiff was not provided reasonable accommodation for his disabilities during the rating period.

22.     On January 21, 2009, Plaintiff's immediate supervisor, Ms. Sonja Ra'Vonn Hall, removed him from the " flexi-place" work schedule which allowed him to work at home and forced him, despite his known disabilities to risk the hazards of commuting form his home in the western suburbs to the Federal Building at 230 S. Dearborn, Chicago, Illinois, during a Chicago winter regardless of the dangers of falling and risks of injury presented by Chicago's severe winter climate and inclement weather.

23.     This occurred after the meeting of April 10, 2008, at which time Ms. Ra'Vonn Hall was presented with a copy of Dr. Bhatt's letter of April 1, 2008 in which he notified her that he was treating Plaintiff for anxiety and stress disorders and major depression; and in which he requested assistance in treating Plaintiff's conditions by changing his work environment to a lower stress level, possibly by a change of Plaintiff's supervisor.

24.     On January 21, 2009, Plaintiff was counseled regarding his use of sick leave on an ongoing basis. In crafting and executing this counseling, Plaintiff's managers failed to consider either Plaintiff's known disabilities or that they had failed to provide reasonable accommodation for those disabilities during the relevant period of time addressed in the counseling.

25.     On February 11, 2009 Plaintiff, his union representative and a reasonable accommodation coordinator met with Plaintiff's first line supervisor to discuss reasonable accommodations. At that time, Plaintiff was told that he could work flexi-place as needed to avoid the risks of injury  incident to commuting to the Federal Building at 230 So. Dearborn, Chicago, Illinois, during anticipated inclement weather.

26.     On February 20, 2009 Plaintiff's request to work-flexi place, due to anticipated bad weather and travel conditions, was denied.

27.     On  March 3, 2009 Plaintiff again requested a return to flexi-place status.

28.     On March 11, 2009, Ms. Ra'Vonn Hall, Plaintiff's first line supervisor  refused to return Plaintiff to flexi-place even though Ms. Janice Gore, his second level supervisor, authorized his first line supervisor to return him to flexi-place once she believed his work performance had improved.

29.     When on March 11, 2009, Ms. Ra'Vonn Hall refused to return Plaintiff to flexiplace; she and Ms. Gore had been on notice over a year of Plaintiff's physical and mental disabilities.

30.     At that same date and time of March 11, 2009, when Ms. Ra'Vonn Hall refused to return Plaintiff to flexiplace, both Ms. Ra'Vonn Hall and Ms. Gore had read Dr. Bhatt's letter of April 1, 2008 informing them that he was treating Plaintiff for anxiety and stress disorders and major depression and requesting that Plaintiff's work environment be changed to a reduced stress level including a possible change in supervisor.

31.     That at all times mentioned herein, it was the duty of Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury and Defendant Internal Revenue Service (hereinafter Defendants) not to violate the provisions of the Rehabilitation Act 29 U.S.C. 791 et seq. and to refrain from illegal discrimination against Government employees, including Plaintiff Frank Angiulo, based upon physical or mental disabilities.

32. Notwithstanding these duties Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury and Defendant Internal Revenue Service (hereinafter Defendants) did as set forth above violate the Rehabilitation Act and committed illegal acts of discrimination in violation of the Rehabilitation Act as set forth herein by omission and commission over a continuing pattern of acts of illegal discrimination both as described above paragraphs and in addition thereto by the following:

a.     Continuing acts of discrimination and harassment, which contributed to Plaintiff twice being hospitalized for congestive heart failure; the first time from approximately September 29, 2008 to October 9, 2008; the second time form approximately September 30 to

October 6, 2009; and which contributed to Plaintiff being required to take medical leave at home for a third incidence of congestive heart failure after October, 2009.

       b.        Among the continuing acts of discrimination and harassment noted in paragraph a above, during the relevant time period herein, Defendants made an inappropriate referral of Plaintiff to the Department of Homeland Security, when they otherwise would not have done so, but for their illegal discrimination against Plaintiff based upon his physical and mental disabilities.

       c.        During 2009, Defendants placed Plaintiff's movements under physical surveillance when they would not otherwise have done so but for their illegal discrimination against Plaintiff based upon his physical and mental disabilities.

       d.        As a continuing pattern of illegal discriminatory acts, Defendants continually refused during the period of no less than from January 1, 2009 to December, 2009 to investigate, evaluate or provide reasonable accommodation to Plaintiff/

       e.        As a continuing pattern of illegal discriminatory acts, Defendants continually refused during the period of no less than from January 1, 2009 to December, 2009 to timely return Plaintiff to flexiplace.

       f.        As a continuing pattern of illegal discriminatory acts, Defendants continually refused during the period of no less than from January 1, 2009 to December, 2009 transfer Plaintiff to one of the two other Examination teams which were not under the supervision of Sonja Ra'Vonn Hall.

       g.        On February 20, 2009, Plaintiff requested to work flexi-place reporting that the weather reports anticipated a possible 6 to 8 inches of snow. Plaintiff's first line supervisor Sonja Ra'Vonn Hall refused his request noting in part, "Shea and Kathy have come into the

office today." Shea and Kathy referred to two of Plaintiff's coworkers, who were not physically or mentally disabled. At that time and place, neither Shea nor Kathy had requested reasonable accommodation based upon disabilities. Copies of emails reflecting these events are attached as Ex. 4 and incorporated by reference.

       h.     At approximately 5 pm on Plaintiff's first day back to work following his second hospitalization , for stress related congestive heart failure, from approximately September 20, 2009 to October 6, 2009; Plaintiff's first line supervisor Sonja Ra'Vonn Hall sent him email directing Plaintiff to report to the Agency Inspector for questioning. At this time and place, Ms. Ra'Vonn Hall was on notice that Plaintiff had suffered two hospitalizations for congestive heart failure and was under psychiatric care for anxiety and stress disorders and major depression.

       i.     After Plaintiff submitted a formal written application for reasonable accommodation and indicated that he was being treated for psychiatric conditions by Dr. Bhatt; the Defendants assigned James W. Allen MD, MPH, Occupational Medicine, ABMS Board Certified, Government physician to evaluate Plaintiff's application. The assigned Government physician reported on July 21, 2009 in relevant part as follows:

    **"Reasonable Accommodation ICO Frank Angiulo …. The above**

    **employee requests a reasonable accommodation due to his psychiatric**

    **condition related to working with his manager. …**

                    **….**

    **…. From July 14 to 15, 2009, I made a total of five telephone calls and**

    **left messages for Pravin Bhatt MD. He never returned my messages**

    **and additional calls are futile."**

Dr. Allen's report is attached as Ex. 5 and incorporated by reference. Defendants read Dr. Allen's report and took no further action to adequately investigate, evaluate or respond to Plaintiff's request for reasonable accommodation based upon psychiatric disabilities.

j.     At all relevant times herein, Defendants took personnel actions against Plaintiff without consideration of his physical and mental disabilities or that he had not been and was not being provided reasonable accommodation during relevant performance periods.

33.     During all relevant times as set forth above, Plaintiff continually requested reasonable accommodation by return to flexiplace and transfer to one of the other two teams within Examinations that were not under the first line supervision of Ms. Sonja Ra'Vonn Hall; and Defendants refused to adequately investigate, evaluate or act on Plaintiff's requests.

34.     Prior to being assigned under Ms. Sonja Ra'Vonn Hall's supervision in or around July, 2007; Plaintiff worked for a period of years under Internal Revenue Service Supervisor Richard Bedome; who had and has a high and positive opinion of Plaintiff's work performance and would have readily accepted Plaintiff back as an employee under his supervision.

35.     The above events, particularly Defendants refusal to reasonably and adequately investigate, evaluate and provide reasonable accommodation; timely return Plaintiff to flexiplace and to transfer Plaintiff to one of the two Examination teams not under the supervision of Ms. Sonja Ra'Vonn Hall, proximately caused and contributed to Plaintiff being constructively discharged and being involuntarily forced to retire in or about December, 2009.

36..     Plaintiff was at all relevant times herein able to perform the essential functions of the his job as a Revenue Agent, and unquestionably would have performed at an even enhanced level had he been provided reasonable accommodations for his physical and mental disabilities as intended by Congress in passing the Rehabilitation Act.

37.     Plaintiff's disability prevents him or drastically limits his ability to continue the career he enjoys.

38.     As a result of IRS' unlawful discriminatory conduct, Plaintiff has lost substantial earnings and other job-related benefits. Plaintiff has also suffered severe emotional distress.

39.     Plaintiff demands trial by jury.

WHEREFORE Plaintiff Frank Angiulo, by his attorney Nicola S. Tancredi, respectfully prays this Honorable Court enter judgment against Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury  and Defendant Internal Revenue Service  (hereinafter Defendants) and enter an order for the following:

(a) declare that Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury  and Defendant Internal Revenue Service  (hereinafter Defendants)  violated the Rehabilitation Act;

(b) award Plaintiff pecuniary damages in an amount to compensate him for all damage suffered by virtue of Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury  and Defendant Internal Revenue Service  (hereinafter Defendants)  failure to accommodate him;

(c) award Plaintiff compensatory and punitive damages in an appropriate amount;

(d) award Plaintiff prejudgment interest on damages recovered, at the prime rate, compounded annually, or the rate allowed by law; and

(e) award costs, reasonable attorney's fees, and such other relief as it deems just.

## COUNT II—RETALIATION

1-39.    Plaintiff incorporates and realleges ¶¶ 1-39 of Count I as paragraphs 1-39 of Count II

40. On April 10, 2008, Plaintiff filed and informal grievance.

41 .    On February 3, 2009, Plaintiff signed the Notice of Right to File Individual Complaint with the Equal Employment Opportunity [EEO] officer (*filed an informal EEO complaint)* for Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury and Defendant Internal Revenue Service (hereinafter Defendants)

42..    Ms.. Sonja Ra"Vonn Hall, one of Plaintiff's supervisors,  gave Plaintiff a memorandum stating that he was being removed from the flexiplace system, despite Plaintiff's having provided medical documentation of the limitations of his condition..

43.     Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury and Defendant Internal Revenue Service (hereinafter Defendants) violated the Rehabilitation Act and Title VII when it retaliated against Plaintiff for signing the notice of his EEO complaint of disability discrimination by the actions described in paragraphs 1-39 above and by reprimanding him without cause, less than two months after he signed the notice of the complaint. Plaintiff has also suffered loss of income and earning ability, suffered  and continues to suffer severe medical complications and severe emotional distress.

WHEREFORE Plaintiff Frank Angiulo, by his attorney Nicola S. Tancredi, respectfully prays this Honorable Court enter judgment against Defendant United States of America;

12

Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury and Defendant Internal Revenue Service (hereinafter Defendants) and enter an order for the following:

(a) declare that Defendant United States of America; Defendant Timothy Geitner, Secretary of Treasury; Defendant Department of Treasury and Defendant Internal Revenue Service (hereinafter Defendants) violated the Rehabilitation Act andTitle VII;

(b) award Plaintiff pecuniary damages in an amount to compensate him for all damage suffered by virtue of IRS' decision to reprimand him;

(c) award Plaintiff compensatory and punitive damages in an appropriate amount;

(d) award Plaintiff prejudgment interest on damages recovered, at the prime rate, compounded annually, or the rate allowed by law; and

(e) award costs, reasonable attorney's fees, and such other relief as it deems just.

Jury Demand

Respectfully submitted,

By: _____/s/ Nicola S. Tancredi
Nicola S. Tancredi
Attorney for Plaintiff
Frank Angiulo

Law Offices of Nicola S. Tancredi
Attorney for Plaintiff Frank Angiulo
Two North Trans Am Plaza Dr, Suite 250
 Oakbrook Terrace, IL 60181
Phone (630) 530-0567 Fax (630) 530-7576
nstancredi@aol.com
ARDC NO. 2795736